## HAMILTON v. GORMAN.

(Supreme Court, Appellate Division, First Department.  December 31, 1897.)

RECORDS—CONCLUSIVENESS.

The fact that in the minutes for a certain day of the special term chambers of the former court of common pleas (offered in evidence without calling or explaining the absence of the clerk who kept them, or showing when or how they were made) there first occur memoranda of certain determinations by one of the judges, including his approval of a certain

undertaking, and on a later page memoranda of determinations by another judge, including the noting of a default of defendant in respect to the justification of sureties on the same undertaking, does not show that such orders were made at any particular time in the day, or that the entries were made consecutively in relation to time, and leaves such questions to be determined by the jury.

Appeal from trial term.

Action by Annie Hamilton against Amelia Gorman. From a judgment entered on a verdict, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. C. Shenstone, for appellant.
John Vincent, for respondent.

PATTERSON, J.   This is an appeal from a judgment entered on a verdict in favor of the plaintiff in an action originally brought against John J. Gorman (who was sheriff of the city and county of New York), for damages claimed to have been sustained by the plaintiff by reason of certain matters set forth in the complaint, and also from an order denying the defendant's motion for a new trial.   The action as it was first framed was against Mr. Gorman, but he died before the time to answer expired; and the present defendant, as sole executrix of his last will and testament, was substituted as defendant in his place.   In the complaint it is alleged that, in an action brought by her against one Salvador Parnella to recover damages for personal injuries, she procured an order of arrest, and that the sheriff (Gorman) was directed in and by such order to take the said Parnella into custody, and hold him to bail in a sum specified in said order; that, in pursuance of such order, Mr. Gorman, as sheriff, did arrest Parnella, and subsequently released him upon an undertaking, a copy of which was served upon the plaintiff's attorney in the action against Parnella; that the plaintiff, not being satisfied with such undertaking, excepted to the sufficiency of the sureties named therein; that Mr. Gorman, the sheriff, thereupon gave notice that the sureties would justify before one of the judges of the court of common pleas, in which court the action was pending, at the chamber thereof, on the 17th day of March, 1893, at half past 10 o'clock in the forenoon; that the sureties did not attend nor justify; and that the notice and justification were dismissed by the court on default; and that since that time neither the sureties nor any other sureties nor bail attended or justified.   The complaint also alleges that the plaintiff subsequently recovered a judgment against Parnella for the sum of $5,300, and that an execution was issued thereon, which was returned wholly unsatisfied, and that an execution against the person of Parnella was also issued to the sheriff, and by him returned that the said Parnella could not be found within his county; that the judgment has not been paid in whole or in part, and is in full force and effect; and that, in consequence of the remissness of Sheriff Gorman, the plaintiff has suffered damages.   The answer of the defendant puts in issue certain formal matters, not necessary to be referred

to, and sets up affirmatively that Mr. Gorman, the sheriff, duly served a written notice upon the attorney for the plaintiff in the action against Parnella, to the effect that the sureties on the undertaking above referred to would justify before one of the judges of the court of common pleas on March 17, 1893, at 10:30 a. m.; that on that day, and at that hour, the sureties named in the undertaking appeared at the time and place specified; and that the undertaking was duly approved and allowed by one of the judges of the court of common pleas. The substantial defense made by the defendant, therefore, is that the sheriff was exonerated from all liability by reason of the approval of the undertaking; and, if that approval were properly made, the exemption of the sheriff would be complete; but whether it was properly made depended upon disputed facts, which necessarily it was for the jury to decide.

There is no evidence to show that the sureties attended at the time and place named in the notice of justification, but there does appear in the record a memorandum, dated March 17, 1893, signed with the initials of Judge Giegerich, and indorsed on the undertaking, as follows: "Plaintiff's attorney not appearing to oppose after being duly called, I hereby allow the within undertaking and bail." But it was testified to on the part of the plaintiff that her attorney did attend at the time and place mentioned in the notice of justification, and remained there from half past 10 on the morning of the 17th of March, 1893, until a few minutes after 11 o'clock of the same day; that during that time he had the defendant and the defendant's attorney and the sheriff of the city and county of New York called; and that a few minutes after 11 o'clock he presented to Judge Pryor, who, he states, was sitting in chambers, the notice of justification, and Judge Pryor made thereon the following indorsement:

"The attorneys for the defendant in the within-entitled action, and the sheriff of the city and county of New York, John J. Gorman, having been twice called, and making no response, and the plaintiff's attorney having remained in court for thirty minutes, in obedience to within notice, default is hereby noted.

"Dated March 17th, 1893. R. A. P."

The attorney for the plaintiff testified that during all of the time between half past 10 and 11 o'clock on the day mentioned, Judge Pryor was sitting in chambers of the court of common pleas, which was the place at which the notice of justification was made returnable. The attorney for the defendant swore that Judge Pryor was not holding the court during that half hour, but that, on the contrary, Judge Giegerich was, and that he (the sheriff's attorney) was in court during the whole of that time, and, at the expiration of the half hour, he caused the indorsement to be made by Judge Giegerich which has been above quoted.

There was a clear issue of fact between these two witnesses, and that was left to the jury for their determination, by the judge presiding at the trial of this cause. The jury found in favor of the plaintiff on that issue, and the verdict should not be disturbed unless there was such a clear preponderance of evidence as to show that it must be set aside. It is claimed on the part of the defendant that there is

such a preponderance, and that it is shown by certain entries contained in the minutes of the special term at chambers of the court of common pleas held on the 17th of March, 1893.    On the trial of this action, certain memoranda were read from those minutes by the counsel for the defendant; but the clerk who kept them was not called as a witness, nor was there any evidence to show when these minutes were made, nor how or whether on the 17th of March or on a subsequent day.    It did appear by such memoranda that the special term at chambers on that day was held by Judge Giegerich, but it is not contradicted that during some part of the day Judge Pryor did sit in the chambers.    The minutes purported to show that some four orders were made by Judge Giegerich, and then follows the entry of the approval of the undertaking in this cause.    The inference sought to be drawn by the defendant from that as a conclusive one is that the record shows that Judge Giegerich sat at chambers at the opening of the court.    This record may be appealed to so far as it concerns the fact that the orders mentioned therein were granted on that day; but there is nothing therein to show that such orders were granted or made at any particular time in the day, or that the entries were made at the exact time the orders were granted, or consecutively in relation to time.    It does not appear why the clerk who kept those minutes was not called.    It is shown that the record for that same day contains both the approval of the undertaking by Judge Giegerich and the noting of the default by Judge Pryor, and that the latter entry is on a subsequent page to that on which is recorded the approval of the undertaking.    Why orders at chambers were made by two different judges was stated in the record, namely, that Judge Pryor, who was a member of the general term of the court at that time, could not sit therein on that day, because appeals fom him were to be heard, and that Judge Giegerich took his place.    The question was still left open as to who occupied the bench between half past 10 and 11 o'clock.    That issue really depended upon the testimony of the two attorneys.    The judge charges very plainly upon that issue, instructing the jury in a way that seemed to satisfy both parties, for no exception was taken by either party to his charge. The verdict of the jury settled the issue, and we cannot disturb it.

In this situation of the case, it is unnecessary to consider other questions discussed on the appeal, and the judgment and order appealed from should be affirmed, with costs.    All concur.